**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Salvatore LaMonica, Esq.
Holly R. Holecek, Esq.
*Proposed Counsel for the Debtor*
*and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

| | |
|---|---|
| IAN SIMPSON REISNER, | Chapter 11<br>Case No. 26-44227 (JMM) |
| Debtor. | |

---------------------------------------------------------X

**DECLARATION OF ANDRE K. CIZMARIK**
**IN COMPLIANCE WITH RULE 1007-4 OF**
**<u>THE LOCAL BANKRUPTCY RULES OF THIS COURT</u>**

ANDRE K. CIZMARIK, as the Permanent Property Guardian of the Debtor, declares, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

1. The Debtor is an individual who is a resident of the State of New York.

2. The Debtor has been deemed an incapacitated person by the Supreme Court of the State of New York, County of New York by Order of the Court dated April 17, 2026 filed in the case entitled *In the Matter of the Application for the Appointment of a Guardian for I.R., a Person Alleged to be Incapacitated,* Index No. 500021/2025 and I was appointed as Debtor's Permanent Property Guardian and make all decisions for the Debtor concerning his financial affairs ("**Guardian Order**"). Annexed hereto as **Exhibit A** is a copy of the Guardian Order dated April 17, 2026.

3. I have knowledge of and am familiar with the financial affairs and books and records of the Debtor. With respect to pending legal matters, I have relied upon the advice and counsel of the Debtor's attorneys and other professionals.

4. I submit this Declaration ("**Declaration**") in support of the Debtor's voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C.§§ 101, et. sec. (the "**Bankruptcy Code**"), and pursuant to Rule 1007-4 of the Local Rules of Bankruptcy Procedure for the Eastern District of New York ("**EDNY LBR**"). I further submit this Declaration in support of any motions and applications filed simultaneously with this Declaration ("**First Day Motions**").

5. Any capitalized term not defined herein shall have the meaning ascribed to such term in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and/or the EDNY LBR.

6. Except as otherwise noted herein, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's financial condition. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

7. Unless otherwise indicated, the financial information set forth in this Declaration is unaudited.

**BACKGROUND**

8. On September 8, 2026 ("**Petition Date**"), the Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code with this Court ("**Chapter 11 Case**").

9. No trustee, examiner or committee of unsecured creditors has yet been appointed, and I, as the Debtor, continue to operate and manage my property as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10. I have been advised that the Debtor is not a small business debtor as that term is defined by § 101(51D) of the Bankruptcy Code.

11. The Debtor is an individual who is married, living separately from his spouse for

approximately 3 years, with no children.

12. The Debtor is unemployed and unable to work in any capacity. The Debtor maintains an ownership interest in the businesses set forth herein, but does not operate any of the business entities. The Debtor receives government assistance for food and housing in the approximate amount of $390.00 per month in addition to a return of capital from Urban Resorts, LLC in the average amount of $6,100 monthly, although the amount varies based on the extent of the Debtor's need for non-cosmetic dental work.

13. The Debtor's books and records are located at care of Michal Kravarik, Hudson Yards Hotel, 510 West 42nd Street, New York, NY 10036.

**A. <u>Assets and Liabilities</u>**

14. A summary of my assets and liabilities on an unaudited basis as of the Petition Date is as follows:

I. **Assets – total $8,115,855.33**

(a) **<u>Real Properties:</u>**

**230 Central Park South, Unit 2F, New York, New York 10019**

a. 100% ownership interest
b. Value - $1,900,000.00

**230 Central Park South, Unit PH/18C, New York, New York 10019**

a. 100% ownership interest
b. Value - $6,000,000.00 (assuming no rent-stabilized tenant in place)

**10185 Collins Avenue, Unit 415, Miami Beach, Florida 33154**

a. 50% ownership interest
b. Value - $400,000.00

**4215 Kings Highway, Brooklyn, New York 11234**

a. Debtor's company, Parkview Interiors, LLC, which he owns 100% interest in, owns this property ("Brooklyn Property")
b. Value - $600,000.00, but encumbered by a loan in the approximate amount of $400,000.00

(b) Bank accounts – Balances as of Filing Date:

i. Bank of America (checking acct. ending in 3773) - Value $0.00
ii. Bank of America (savings acct. ending in 3838) - Value $50.00
iii. Bank of America (money market savings ending in 7979) – Value $0.00
iv. First Horizon Bank (Guardian managed account ending in 2532) – Value $13,793.33 (Debtor is not in control of this account)

(c) Other Account:
HSBC Securities (USA) Inc. Brokerage Account – Value $1,012.00

(d) Wearing Apparel: Miscellaneous clothing. Value: $1,000.00.

(e) Automobiles:
The Debtor does not own, lease or finance any vehicles.

(f) Business Interests:

**Parkview Interiors, LLC**

1. Incorporated 2019
2. 100% ownership interest
3. Parkview owns Brooklyn Property valued at $600,000.00 (assuming no holdover tenant in place)
4. Real estate development company
5. Dormant, not operating

**Urban Resort, LLC**

1. Incorporated 2024
2. 100% ownership interest
3. Operates property located at 510 W. 42nd Street, New York, New York pursuant to a ground lease

**IR Holdings, LLC**

1. Incorporated 2005
2. 99% ownership interest
3. Dormant, not operating

**Outpost Pines, LLC**

1. IR Holdings, LLC is 45.14% shareholder, Debtor's prior partner, PJ McAteer, holds remaining ownership interest.

(II) **Liabilities - $10,493,436.97**

| Liability | Creditor | Date Incurred | Amount Claimed but Disputed |
|---|---|---|---|
| **Secured Creditors** | David Spira (Mortgage lien against 230 Central Park South, Unit 2F) | 2025 | $1,850,000.00 |
| | HSBC (Mortgage Lien against 230 Central Park South, Unit PH/18C) | 2019 | $3,438,714.00 |
| | Pinter Holdings, LLC (Mortgage Lien against 10185 Collins Avenue, Unit 415, Miami Beach) | 2025 | $463,528.00 |
| | Pinter Holdings, LLC (Mortgage Lien against 230 Central Park South, Unit PH/18C) | 2019 | $2,031,236.00 |
| | | **TOTAL:** | **$7,783,478.00** |

| | | | |
|---|---|---|---|
| **Priority Claims** | Internal Revenue Service | | UNKNOWN |
| | New York City Department of Finance | | $8,123.00 |
| | New York State Department of Taxation and Finance | | UNKNOWN |
| | | **TOTAL:** | **$8,123.00** |
| **General Unsecured Claims** | Credit cards, personal guarantees, and other unsecured debts | **TOTAL:** | **$2,701,835.97** |

**EVENTS WHICH TRIGGERED THE INSTANT FILING**

15. A guardianship was commenced against the Debtor in New York Supreme Court in March 2025 due to medical and other conditions which prevented Debtor from managing his financial affairs. On or about March 31, 2025, I was nominated to be the Debtor's temporary property management guardian, and continued in that role until April 17, 2026 when I was designated as his permanent property guardian by the Supreme Court. Prior to my involvement and during the period in which the Debtor was alleged to be incapacitated, Debtor entered into various loan agreements with exorbitant interest rates and draconian penalties in the event of a default. In connection with my duties, I attempted to liquidate various of the Debtor's assets in order to pay down his liabilities, but due to the fact that the lenders refused to settle on reasonable terms and there were not adequate funds to hire lawyers to challenge each and every loan agreement, there was no other choice but to file for personal bankruptcy.

**PLAN TO EMERGE FROM BANKRUPTCY**

16. The Debtor is prepared to market and sell the units located at 230 Central Park South, Unit 2F and Unit PH/18C, as well as the Brooklyn Property in an effort to satisfy the claims of his creditors. In addition, the Debtor is prepared to sell the ground lease at his company, Urban Resort LLC (presently there are two prospective buyers who have executed non-exclusive Letters of Intent and who are commencing due diligence).

**INFORMATION REQUIRED BY EDNY LBR 1007-4**

EDNY LBR 1007-4 requires certain information related to me which is set forth below:

**LBR 1007-4(a)(i)**

17. The Debtor is not a small business debtor as defined by Bankruptcy Code §101(51D).

**LBR 1007-4(a)(ii)**

18. The Debtor is not a single asset real estate debtor as defined by Bankruptcy Code §101(51B).

**LBR 1007-4(a)(iii)**

19. The nature of the Debtor's businesses and a concise statement as to the circumstances leading to my filing under Chapter 11 is set forth above.

**LBR 1007-4(iv)**

20. This case was not originally commenced under Chapter 7, 12 or 13 of Title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "**Bankruptcy Code**").

**LBR 1007-4(a)(v)**

21. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 Case.

**LBR 1007-4(a)(vi)**

22. A list containing the names, addresses and the amounts of the claims of the Debtor's twenty (20) largest known general, unsecured creditors excluding "insiders" as that term is defined in § 101(31) of the Bankruptcy Code has been filed with the Debtor's bankruptcy petition. See, ECF No. 2.

**LBR 1007-4(a)(vii)**

23. The Debtor has the following four (4) secured creditors which hold liens against the property of my estate referenced below totaling approximately $7,783,478.00:

a. David Spira, mortgage lien against 230 Central Park South, Unit 2F in the amount of $1,850,000.00;
b. HSBC Bank, mortgage lien against 230 Central Park South, Unit PH/18C in the amount of $3,438,714.00;
c. Pinter Holdings, LLC, mortgage lien against 10185 Collins Avenue, Unit 415 in the amount of $463,528.00, and

d. Pinter Holdings, LLC, mortgage lien against 230 Central Park South, Unit PH/18C in the amount of $2,031,236.00.

**LBR 1007-4(a)(viii)**

24. The summary of the Debtor's assets and liabilities is set forth above.

**LBR 1007-4(a)(ix)**

25. The Debtor has no publicly held securities of which I am aware.

**LBR 1007-4(a)(x)**

26. All of the Debtor's real property and financial assets are in the control of myself as Permanent Property Guardian for the Debtor.

**LBR 1007-4(a)(xi)**

27. The Debtor currently resides in a month-to month AirBnB rental unit at 407 W. 51st Street, Apt. 4D, New York, New York 10019. The Debtor owns the aforementioned properties located at 230 Central Park South, Unit 2F, New York, New York (100%); 230 Central Park South, Unit PH/18C, New York, New York (100%); and 10185 Collins Avenue, Unit 415, Miami Beach, Florida (50%).

28. The Debtor is the 100% owner and shareholder of Parkview Interiors, LLC and Urban Resort, LLC; and 99% owner and shareholder of IR Holdings, LLC. Parkview Interiors, LLC owns the property known as and located at 4215 Kings Highway, Brooklyn, New York 11234.

**LBR 1007-4(a)(xii)**

29. The Debtor's assets are the real properties and business entities set forth above, and the Debtor's books and records are located at care of Michal Kravarik, Hudson Yards Hotel, 510 West 42nd Street, New York, NY 10036.

**LBR 1007-4(a)(xiii)**

30. Below is a list identifying each action (pending or threatened) against the Debtor

or Debtor's property where a judgment or a seizure of its property may be imminent as of the Filing Date:

- Anita Muller as Guardian for Indira Orenstein v. Andre K. Cizmarik as Guardian for Ian Reisner, Landlord/Tenant Dispute pending in Supreme Court, New York County – Index No: 156784/2026;

- Pinter Holdings, LLC v. Ian Reisner, et al, Foreclosure pending in Florida Circuit Court, 11th Circuit – Index No: 252858936;

- Patrick Racine v. Urban Resort, LLC, Discrimination Complaint pending in Equal Employment Opportunity Commission;

- Anita Muller as Guardian of Indira Orenstein v. Ian Reisner, Landlord Tenant Dispute pending in the Civil Court of the City of New York – Index No. LT-307189-25/NY;

- Derian Nasca v. 230 Park South Apartments, et al (Andre Cizmarik as Guardian), Wrongful Eviction pending in Supreme Court, New York County – Index No. 153243/2026;

- Kashawn Joseph v. Urban Resort, LLC, et al, Negligence Complaint pending in Supreme Court, New York County – Index No. 151571/2026;

- David Spira v. Ian Reisner, lawsuit threatened in connection with mortgage loan against 230 Central Park South, Unit 2F, and

- Adam Hochfelder v. Ian Reisner, lawsuit threatened in connection with settlement agreement.

**LBR 1007-4(a)(xiv)**

31. The Debtor is an individual and therefore has no senior management other than the undersigned as Permanent Property Guardian for the Debtor.

**LBR 1007-4(a)(xv)**

32. For the thirty (30) day period following the filing of the chapter 11 petition, the Debtor will receive gross income of approximately $6,100.00 plus government assistance of $390.00.

**LBR 1007-4(a)(xvi) and LBR 1007-4(a)(xvii)**

33. Schedules I and J filed together with the Debtor's petition contain the income and

expenses for the thirty (30) day period following the filing of chapter 11 case, other than professional fees.

**LBR 1007-4(a)(xviii)**

34. The Debtor does not currently maintain any insurance policies.

**LBR 1007-4(a)(xix)**

35. The Debtor has the following bank accounts, with balances as of the Filing Date:

i. Bank of America (checking acct. ending in 3773) - Value $0.00
ii. Bank of America (savings acct. ending in 3838) - Value $50.00
iii. Bank of America (money market savings ending in 7979) – Value $0.00
iv. First Horizon Bank (Guardian managed account ending in 2532) – Value $13,793.33 (Debtor is not in control of this account)

## FIRST DAY MOTIONS AND APPLICATIONS FOR HEARING

36. Contemporaneously with the filing of this Chapter 11 Case, the Debtor expects to file one (1) First Day Motion as follows:

a. Motion of the Debtor for Entry of an Order Authorizing the Debtor to Continue its Cash Management System and Granting Related Relief ("**Cash Management Motion**").

37. I have reviewed the First Day Motion and, to the best of my knowledge, information and belief, the facts set forth therein are true and correct and the relief sought therein is critical to the smooth transition into Chapter 11, to avoid immediate and irreparable harm to the estate, avoid any interruption to personal affairs and to maximize the value of the Debtor's assets for the benefit of the creditors and estate. Moreover, the relief requested in the First Day Motion should be heard and determined on an expedited basis to ensure that there is no disruption in the Debtor's ordinary and daily living.

38. A brief description of the relief requested and the facts supporting the First Day

Motion are set forth below. A more detailed explanation can be found in each respective motion/application.

## A. <u>Cash Management Motion</u>

39. The Debtor, as an incapacitated person, relies heavily on the bank accounts held prior to the Filing Date to receive government funds for his living expenses.

40. In addition, I control and operate a guardian account in which I manage the funds of the Debtor for some of his living expenses.

41. The Cash Management Motion seeks the entry of an order to maintain the guardian bank account so as to not to disrupt the payment of Debtor's living expenses.

## CONCLUSION

42. Based upon the foregoing, it is respectfully submitted that it will be in the best interests of all of the Debtor's creditors to continue in the management of its business and of its property in this chapter 11 case.

43. Pursuant to 28 U.S.C. § 1746, I declare on behalf of the Debtor under the penalty of perjury that the foregoing is true and correct.

Dated: September 22, 2026

Andre K. Cizmarik

By: ______________________________
Andre K. Cizmarik, Permanent Property
Guardian of Ian Simpson Reisner, the Debtor