UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

Chapter 11
IAN SIMPSON REISNER, Case No. 26-44227 (JMM)

Debtor.
------------------------------------------------------------X

**ORDER AUTHORIZING THE DEBTOR TO**
**MAINTAIN ITS PRE-PETITION BANK ACCOUNTS**

Upon the motion dated September 30, 2026 [ECF Doc. No. 20] ("Motion")[1] filed by Ian Simpson Reisner, by and through Andre K. Cizmarik, his Permanent Property Guardian ("Guardian"), the above-captioned debtor and debtor-in-possession ("Debtor"), by and through its proposed counsel, LaMonica Herbst and Maniscalco, LLP, pursuant to Bankruptcy Code sections 105, 345, 363 and Bankruptcy Rules 6003 and 6004 for entry of an order: (a) authorizing, but not directing, the Debtor to maintain and continue the use of its Pre-Petition Bank Accounts; and the Court, having reviewed the Motion, and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court on November 4, 2026 ("Hearing"), the transcript of which is hereby incorporated herein by reference; and the Court having found that jurisdiction over this matter is proper pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core matter pursuant to 28 U.S.C. § 157(b)(2), and notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein, and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Debtor shall be and hereby is authorized to continue to manage the collection and disbursement of its cash utilizing its Pre-Petition Bank Accounts in the ordinary course consistent with its pre-petition practices.

2. Unless otherwise set forth herein, the Debtor is authorized to continue and maintain its existing Pre-Petition Bank Accounts.

3. The Debtor may disburse funds from the Pre-Petition Bank Accounts and/or any newly established debtor in possession accounts by check, draft, wire, debit, ACH transfer or by any other means.

4. First Horizon Bank and Bank of America ("Banks"), the banks where the Debtor holds its Pre-Petition Bank Accounts, shall be and hereby are authorized, without the need for further order of this Court, to (a) continue to administer the Pre-Petition Bank Accounts in the manner maintained prior to the Filing Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Pre-Petition Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor and/or Guardian (i) after the Filing Date, or (ii) prior to the Filing Date, for the payment of any and all amounts approved by this Court.

5. The Debtor's Banks may rely on the representations of the Debtor and/or Guardian with respect to whether any check or other payment order drawn or issued by the Debtor and/or Guardian prior to the Filing Date should be honored pursuant to this or any other order of this Court, and such banks shall not have any liability to any party for relying on such representations by the Debtor as provided for herein.

6. The Debtor, by his Guardian, shall separately record the balance of the Pre-Petition Bank Accounts as of the Filing Date and track post-petition activity by documenting any post-petition transactions in the Debtor's books and records to the same extent maintained prior to the Filing Date.

7. The Debtor, by his Guardian, shall include copies of all bank statements for all of the Debtor's accounts, including but not limited to the Pre-Petition Bank Accounts and any DIP accounts, as exhibits to its monthly operating reports.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this order shall be immediately effective upon its entry.

9. The Debtor, by and through his Guardian, is authorized to do such things, expend such funds, and perform such acts as may be reasonably necessary to implement and effectuate the terms of this Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: November 10, 2026**
**Brooklyn, New York**

United States Bankruptcy Court
Eastern District of New York

Jil Mazer-Marino
Chief United States Bankruptcy Judge