**LAMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: (516) 826-6500
Salvatore LaMonica, Esq.
*Counsel for the Debtor and Debtor-in-Possession*

**Presentment Date: December 11, 2026 at 10:00 a.m.**
**Objection Deadline: 5:00 p.m. on December 4, 2026**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:

IAN SIMPSON REISNER,

Debtor.
--------------------------------------------------------X

Chapter 11
Case No. 26-44227 (JMM)

**NOTICE OF PRESENTMENT OF THE APPLICATION TO EMPLOY STEPHEN P. WALD REAL ESTATE ASSOCIATES, INC. AS REAL ESTATE BROKER FOR THE DEBTOR AND DEBTOR-IN-IN-POSSESSION**

**PLEASE TAKE NOTICE** that Ian Simpson Reisner, by his Permanent Property Guardian, Andre K. Cizmarik ("Guardian"), the above-captioned Chapter 11 debtor and debtor in possession ("Debtor"), by and through the Debtor's counsel, LaMonica Herbst & Maniscalco, LLP, will present the annexed proposed Order, Application, and Affidavit (collectively, "Application"), seeking entry of an Order authorizing the employment of Stephen P. Wald Real Estate Associates, Inc. ("Wald Realty") as real estate broker for the Debtor, for signature and approval on **December 11, 2026 at 10:00 a.m.** to the Honorable Chief Judge Jil Mazer-Marino, United States Bankruptcy Judge, United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Room 3529, Brooklyn, New York 11201-1800.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be in writing, conform with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, state with particularity the grounds therefor and be filed with the Bankruptcy Court no later than **5:00 p.m. on December 4, 2026** ("Objection Deadline") as follows: (I) through the Bankruptcy Court's electronic filing system, which may be accessed through the internet at the Bankruptcy Court's website at

www.nyeb.uscourts.gov and in portable document format (PDF) using Adobe Exchange Software for conversion; or (II) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a portable drive in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the Application is not filed by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter the Order approving the relief sought in the Application without further notice.

**PLEASE TAKE FURTHER NOTICE, that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the movant.**

Dated: Wantagh, New York
November 13, 2026

**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel for the Debtor and*
*Debtor-in-Possession*

By: */s/ Salvatore LaMonica*
Salvatore LaMonica, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: (516) 826-6500

**LAMONICA HERBST & MANISCALCO, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: (516) 826-6500
Salvatore LaMonica, Esq.
*Counsel for the Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

IAN SIMPSON REISNER,

Debtor.
---------------------------------------------------------X

Chapter 11
Case No. 26-44227 (JMM)

**APPLICATION TO EMPLOY STEPHEN P. WALD REAL ESTATE ASSOCIATES, INC. AS REAL ESTATE BROKER FOR THE DEBTOR AND DEBTOR IN POSSESSION**

Ian Simpson Reisner, by his Permanent Property Guardian, Andre K. Cizmarik ("Guardian"), the above-captioned Chapter 11 debtor and debtor in possession ("Debtor"), hereby submits this application seeking the entry of an order pursuant to 11 U.S.C. §§ 327(a) and 328, Rules 2014 of the Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule"), and Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York ("LBR") authorizing the employment of Stephen P. Wald Real Estate Associates, Inc. ("Wald Realty") as real estate broker for the Debtor to market and sell real property of the Debtor as set forth in detail herein, and respectfully shows and alleges as follows:

**JURISDICTION AND STATUTORY PREDICATES**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O).

2. Venue of the Debtor's Chapter 11 case and this Application are proper in this Court pursuant to 28 U.S.C. § 1408 and 1409.

3. The statutory predicates for the relief sought in this Application are Bankruptcy Code

sections 105(a) and 501 and Bankruptcy Rules 2002 and 3003(c)(3).

## BACKGROUND

4. On September 8, 2026 ("Filing Date"), the Debtor, by and through his Guardian, filed a voluntary petition ("Petition") for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York ("Court").

5. The Guardian remains in control of the Debtor's property and continues to operate and manage the Debtor's properties and affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. The Debtor is an individual and a resident of the State of New York.

7. The Debtor has been deemed an incapacitated person by the Supreme Court of the State of New York, County of New York by Order of the Court dated April 17, 2026 filed in the case entitled *In the Matter of the Application for the Appointment of a Guardian for I.R., a Person Alleged to be Incapacitated,* Index No. 500021/2025 and I was appointed as Debtor's Permanent Property Guardian and make all decisions for the Debtor concerning his financial affairs ("Guardian Order"). No trustee, examiner or committee of creditors has been appointed or formed in this case.

8. The Debtor has not previously filed a petition for reorganization under Chapter 11 or any other chapter of the Bankruptcy Code.

9. On September 24, 2026, the Debtor filed the Declaration of Andre K. Cizmarik pursuant to Local Bankruptcy Rule 1007-4 ("Guardian Declaration"). See ECF No. 13. A detailed factual background of the Debtor's operations, as well as the events leading to the filing of this Chapter 11 case, is more fully set forth in the Guardian Declaration, which is incorporated herein by reference.

10. The Debtor currently maintains an ownership interest in several properties, including three (3) properties (collectively, "Properties") located in New York City and Brooklyn. The Properties are set forth below:

a) 230 Central Park South, Unit 2F, New York, New York 10019 ("2F Property"). The 2F Property is a cooperative unit with a value of approximately $1,900,000.00. The Debtor maintains a 100% ownership interest in the 2F Property. The 2F Property is subject to a mortgage lien held by David Spira in the approximate amount of $1,350,000, but Spira alleges that with interest he is owed approximately $1,850,000;

b) 230 Central Park South, Unit PH/18C, New York, New York 10019 ("18C Property"). The 18C Property is a cooperative unit with a value of approximately $6,000,000.00, subject to a rent-stabilized tenant action. However, the tenant has denied access to the Property Management Guardian for purposes of conducting an inspection and appraisal. The Debtor maintains a 100% ownership in the 18C Property. The 18C Property is subject to two (2) mortgage liens, one held by HSBC Bank in the approximate amount of $3,438,714.00, and one held by Pinter Holdings, LLC, alleged to be in the approximate amount of $2,031,236.00 including interest, and

c) 4215 Kings Highway, Brooklyn, New York 11234 ("Brooklyn Property). The Brooklyn Property is a single-family home with a value of approximately $600,000.00 assuming it was vacant, but it currently is subject to a tenant living in the residence who is not paying rent. The Debtor's dormant company, Parkview Interiors, LLC (which Debtor maintains a 100% ownership in) owns 100% of the Brooklyn Property. The Brooklyn Property is encumbered by a mortgage lien in the approximate amount of $400,000.00.

11. Through this instant Chapter 11 Case, it is the goal of the Guardian and the Debtor to maximize the value of the Properties by marketing and selling the Properties to use the net sale proceeds to make distributions to creditors and discharging the remainder of his obligations.

12. The Guardian has made the decision to take that action now and sell the Properties and seeks to retain Wald Realty to market and sell same.

**RELIEF REQUESTED**

13. The Guardian hereby submits this Application seeking authorization to retain and

engage Wald Realty to act as the Debtor's real estate broker pursuant to §§ 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and LBR 2014-1 to undertake marketing and sale efforts to sell the Debtor's Properties. To that end, the Guardian entered into an Exclusive Right to Sell and Listing Agreement ("Listing Agreement") with Wald Realty on October 26, 2026, to act as the Debtor's exclusive broker to market and sell the Properties for a period of October 26, 2026 through and including April 24, 2027. A copy of the Listing Agreement is annexed hereto as **Exhibit A**.

14. Pursuant to the Listing Agreement, the Guardian, on behalf of the Debtor, agrees to pay Wald Realty a commission of up to 5% of the sale price of the Properties, which Wald Realty has agreed to accept.

15. In support of this Application, the Guardian relies on the Affidavit of Stephen P Wald in Support of Debtor's Application Authorizing the Retention of Stephen P. Wald Real Estate Associates, Inc. as Real Estate Broker ("Wald Affidavit") effectively as of the date of this Application. A copy of the Wald Affidavit is annexed hereto as **Exhibit B**.

16. The Guardian has selected Wald Realty because it is an experienced general real estate brokerage company. As reflected in the Wald Affidavit, Wald Realty has vast experience in the marketing and sale of these types of real properties in the New York City area.

17. The Guardian believes that Wald Realty is well qualified and well positioned to perform the services required to assist the Debtor in procuring a purchaser for the Properties.

18. Section 327(a) of the Bankruptcy Code provides that the Debtor is permitted to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a). Section 328 of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code, a professional may be employed "on any

reasonable terms and conditions of employment, including … on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

19. Bankruptcy Rule 2014 provides that an application for retention of a professional person is to include:

> Specific facts showing the necessity for the employment, the names of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, and any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

Fed. R. Bankr. Proc. 2014.

20. By this Application, the Guardian requests that the Court approve the employment and compensation arrangements described in the Listing Agreement of Wald Realty pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. The terms of the Listing Agreement are beneficial to the Debtor's estate because it will provide Debtor with the professional assistance required to procure a purchaser for the Property at the maximum price.

21. Wald Realty's commission, which it agreed to accept in this case, is customary commission for a transaction of this type in the industry, which generally carries a 4-6% commission. Wald Realty has agreed to a commission of up to 5%, which the Guardian has agreed to.

22. As such, the fee is reasonable compared to the fees charged by brokers with comparable experience in the real estate industry. Wald Realty understands that it will not be paid until there is a closing on the sale of the Property, which sale is subject to the Court's approval.

23. Wald Realty will advance funds to market the Property and is not seeking reimbursement of expenses should a sale be consummated through a purchaser it secures.

24. The Guardian believes that the compensation structure described above and set forth in the Listing Agreement is comparable to compensation generally charged by real estate brokers for comparable engagements both in and out of bankruptcy. Furthermore, the Guardian believes that the compensation structure is consistent with Wald Realty's normal and customary billing practices for the brokering of comparable properties that require the level and scope of services to be provided in this case.

25. The Guardian respectfully submits that the fee structure set forth above is reasonable and requests its approval under section 328(a) of the Bankruptcy Code, which specifically authorizes compensation of a professional person on a "percentage fee" or "contingent fee" basis. 11 U.S.C. § 328(a). The compensation terms negotiated with Wald Realty were the result of arm's-length negotiations, and Debtor believes such terms are fair and reasonable.

26. Wald Realty understands that it will not receive its commission at the closing on the sale of each of the Properties. Wald Realty has further agreed to and understands that its commission will be held in escrow at closing until such time that a fee application is approved by this Court under 11 U.S.C. § 330.

27. Based on the foregoing, the Guardian submits that the relief requested is necessary and appropriate, is in the best interests of the estate and creditors and should be granted in all respects.

**WALD REALTY'S DISINTERESTEDNESS**

28. Wald Realty has reviewed the list of parties identified on Debtor's list of creditors and equity holders. To the best of Wald Realty's knowledge, information and belief, except to the extent disclosed herein and in the Wald Affidavit, Wald Realty: (i) does not have any connection with the Debtor, its creditors, equity holders, or other parties-in-interest, or its respective attorneys or

accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee in any matter related to the Debtor and its estate; (ii) does not hold any interest adverse to the Debtor's estate; and (iii) believes that it is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code, and as required by § 327(a) of the Bankruptcy Code. Wald Realty has also indicated in the Wald Affidavit that if any new material facts or relationships are discovered or arises, Wald Realty will promptly inform the Court as required by Bankruptcy Rule 2014(a).

29. As indicated in the Wald Affidavit, Wald Realty does not have any agreement or understanding with any other entity for the sharing of compensation received or to be received for services rendered in connection with the rendering of services to the Debtor in this case other than those disclosed in the Listing Agreement.

30. Wald Realty has represented to the Debtor and its Guardian that it has not provided and will not provide services to any parties other than the Debtor in conjunction with any matters that would be adverse to the Debtor arising from, or related to, this Chapter 11 Case.

## WAIVER OF REQUIREMENT FOR MEMORANDUM OF LAW

31. Pursuant to LBR 9013-1, the Application contains the legal and statutory authorities in support of the relief requested herein.

## NO PRIOR REQUEST

32. The Debtor has not previously applied to this or any other Court for the relief sought in this application.

**WHEREFORE**, the Guardian of the Debtor respectfully requests the entry of an order substantially in the form annexed hereto at **Exhibit C**, authorizing the retention of Wald Realty as real estate broker to the Debtor in this case to market and sell the Properties located at 230 Central Park South, Unit 2F, New York, New York; 230 Central Park South, Unit 18C, New York, New York and 4215 Kings Highway, Brooklyn, New York, together with such other and further relief as this Court deems to be just and proper.

Dated: Wantagh, New York
November 13, 2026

**LAMONICA HERBST & MANISCALCO, LLP**
*Counsel for the Debtor and Debtor-in-Possession*

By: */s/ Salvatore LaMonica*

Salvatore LaMonica, Esq.
A Member of the Firm
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Tel: (516) 826-6500